# HENRY ALBRETCH, Administrator, etc.

*v.*

# FREDRIKA WOLF, Administratrix, etc.

1. TRUSTS AND TRUSTEES—*construction of a particular instrument.*   B and H were partners in business.   H was taken sick, and made his will, by the terms of which, it was provided, that if B would deliver over to W, the executor named in the will, certain notes which were held by the firm, for the benefit of H's daughter, and would pay H's debts, after his decease, B should have all the remainder of H's estate, including the firm property. Before signing the will, H caused it to be read to B, who thereupon, verbally accepted the terms proposed, and it was then executed.   After H's decease, B demanded an appraisement of the property, to see if he would accept of it under the terms proposed, which was had, and he again accepted, and delivered over the notes to W, and retained the remainder of the property belonging to the estate.   B failed to pay the debts, and they were proved up against the estate of H, and paid by W, the executor.   Afterwards B and W died, and the administrator of W's estate filed this claim against the estate of B, to which was pleaded, the statute of limitations and the statute of frauds: *Held,* that the statute of limitations constituted no bar to the action.   That a direct trust was created by the express terms of the will, and that B received the property under the conditions imposed, and entered upon the discharge of his duties, and that the relation of trustee and *cestui que trust* was thereby created between the parties; and not that of debtor and creditor.

2.  STATUTE OF LIMITATIONS—*in what cases statute will not apply.*   To say that every instance of trust is without the statute of limitations, would be stating the rule too broadly.   A distinction has been taken when the trust is a continuing one between the parties, or when the trust has been created by will.   In such cases the statute will not apply.

3.  SAME—*in what cases statute applies.*   The rule is well established, that so long as the duties of the trustee remain undischarged, the trustee can not avail himself of the statute of limitations for his defense.   But if the trustee openly denies the trust and acts adversely, the statute will begin to run, and may ultimate in a bar to the rights of the *cestui que trust.*

4.  STATUTE OF FRAUDS.  This case can not be assimilated to one of a mere promise to pay the debt of a third party.   It possesses none of the elements to bring it within the statute of frauds.

APPEAL from the Circuit Court of Madison county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. CHAS. P. WISE, for the appellant.

Mr. A. W. METCALF, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This proceeding was originally commenced in the county court, and from the order made there, an appeal was prosecuted to the circuit court, and a trial had in that court which resulted as before, in a judgment for the appellee.   The appellant brings the cause to this court, and seeks a reversal of the judgment on three grounds:

*First,* that the claim is barred by the statute of limitations.

*Second,* that if any promise was ever made, it was within the statute of frauds, and therefore void.

*Third,* that the verdict is against the weight of the evidence.

A brief history of the case will be necessary to a clear understanding of the errors assigned.

Frank Bauer and George Hoehn, when living, were partners in business.   Hoehn died first, leaving a will.   In the will it was provided that if Bauer would deliver to G. A. Wolf, the executor named in the will, for the benefit of his (Hoehn's) daughter, Amelia, all the notes which the firm held for borrowed money, amounting to the sum of $570, and would pay

all the just debts of Hoehn, after his decease, Bauer should have all the remainder of the property belonging to the estate, of whatever kind or description, including that which belonged to the firm.   After the will was written, and before it was signed, Hoehn sent for Bauer, and caused the will to be read to him, and asked him if he would take the property on the terms proposed, to which Bauer fully assented.

After the death of Hoehn, which occurred but a short time after the will was executed, Bauer accepted the terms of the will and delivered the notes, amounting to $570, to Wolf, the executor, for the use and purpose named in the will, and retained the other property belonging to the estate for his own use.   It is in evidence, that Bauer said, after the death of Hoehn, that he wanted the property appraised, to see if he would accept it under the terms of the will.   It was so appraised, and he again said that he would take the property, and that he thought he could make money out of it.

The will of Hoehn was admitted to probate in April, 1860, and letters testamentary were regularly granted to G. A. Wolf, the executor named therein.

Bauer failed to pay the debts of Hoehn, and the debts were regularly proved up against the estate, and were subsequently paid by Wolf, the executor.   It is insisted that no settlement of these matters was ever made by Bauer and Wolf, in the lifetime of the parties ; Bauer died in March, 1868, and in a short time afterward Wolf, the executor, died, and in June, 1869, this claim was filed by the administratrix of the estate of Wolf, against the estate of Bauer.

It is insisted on the part of the appellant, that Bauer took the property in the character of purchaser, and no action having been commenced within five years after the promise to pay the debt of Hoehn, which, it is alleged, was the consideration agreed to be paid for the property, that the action is now barred by the statute of limitations.   If the transaction can be regarded simply as a purchase of the property from Hoehn, with the agreement that Bauer would pay the debts of Hoehn,

then, if no action was instituted on the promise within five years, the statute of limitations would doubtless constitute a bar to the action.

We are of opinion that the facts constitute a different relation between the parties, a relation essentially different from that of simply debtor and creditor. Bauer took the property under the will, charged with the payment of the debts of Hoehn. For that purpose he held it in trust. It is true, the trust was only accepted by parol. Bauer, however, accepted the property under the provisions of the will, and partly performed the conditions of the trust. The fact that he accepted the property and entered upon the discharge of the trust, would work an estoppel *in pais*. It would be inequitable, after he had accepted the property under the provisions of the will and appropriated it to his own use, to permit him to retract, and say he had never accepted the trust. If he did not intend to perform the trust under the provisions of the will by which it was created, he ought to have returned the property, or accounted to the executor of the estate for the proceeds. So far as the property was partnership property, as surviving partner, he had the undoubted right to dispose of it, but that fact would not relieve him from the obligation to account for the proceeds.

But Bauer did not take the property in the character of surviving partner, but he took it under provisions of the will, and he was therefore under obligation to appropriate the same according to the terms of the trust imposed. It does not seem to be questioned, that the property was of sufficient value to discharge all the objects of the trust. If, therefore, the relation of trustee and *cestui que trust* existed between the parties, the trustee could not plead the statute of limitations, in bar of a discharge of his duties under the trust created by the express terms of the will.

It is doubtless true, that there are certain kinds of trusts that come within the statute of limitations, and it would be stating the rule too generally to say, that every instance of trust is beyond and without the reach of the statute of limitations.

The term trust has, however, a very broad and comprehensive meaning.    Any deposit of money for a particular purpose, has been held to be a trust.

In *Kane* v. *Bloodgood*, 7 Johns. Chy. 89, Chancellor KENT says:    " I can not assent to the proposition that all cases of direct and express trust arising between trustee and *cestui que trust*, are to be withdrawn from the operation of the statute of limitations. "    To the same effect is *Fenny* v. *Cochrane*, 1 W. & S. 112.

A distinction has been taken where the trust is a continuing trust between the parties, or where the trust has been created by will.    In such cases it is said, the statute of limitations will not apply.

In *Farman* v. *Brooks*, 9 Pick. 212, it was held that the statute of limitations does not apply to direct trusts created by deed or will, and perhaps not to those created by appointment of law, such as executorships and administrations, but constructive trusts, resulting from partnerships, agencies and the like, are subject to the statute.

The doctrine of that case is supported by good authority. *Walker* v. *Walker*, 16 Serg. and Raw. 379; *Kane* v. *Bloodgood*, 7 Johns. Chy. 98; *Merwin* v. *Titsworth*, 18 B. Mon. 582.

The rule seems to be general and well settled by authority, that so long as the duties of the trustee remain undischarged, the trustee can not avail of the statute of limitations for his defense.    But if the trustee openly deny the trust and act adversely, the statute will begin to run, and may ultimate in a bar to the rights of the *cestui que trust*.    In this instance, a direct trust was created by express terms of the will, and the trustee received the property under the conditions imposed and entered upon the discharge of the duties.    The duties of the trust were never fully discharged in the lifetime of the trustee, and he never in any manner repudiated the trust.    Bauer took the property charged with the payment of the debts of Hoehn, and retained it under the provisions of the will, to his own use, and we do not see that the estate can now interpose the statute of

limitations, as a defense to the trust fund in the hands of a trustee, under the terms of an express trust created by the provisions of the will, which he accepted.

We are at a loss to understand how the statute of frauds insisted upon, can have any application to the facts in this case. The case can not be assimilated to a case of a mere promise to pay the debt of a third party, where the statute of frauds would have its appropriate application. The property was bequeathed to ·Bauer for a particular purpose, and a trust was created by the express terms of the will, which he undertook to perform. The case has no elements that would bring it within the purview of the statute of frauds.

It is insisted that the verdict is against the weight of the evidence. It can not be denied that there is evidence that tends to show that the trust had been fully performed by Bauer in the lifetime of the parties. But the jury heard the entire evidence, and have found the issue for the appellee, and we can not say, after a careful consideration, that the verdict is so much against the weight of the evidence that we would, for that reason alone, disturb the finding of the jury. The jury were the better judges of the credibility of the testimony of the several witnesses, and we must rely on their finding for the truth of the case.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*