JAMES WALDEN

*v.*

JESSE KARR.

| 88 | 49 |
| 23a | 70 |

| 88 | 49 |
| 47a | 515 |

| 88 | 49 |
| 91a | ²166 |

1. TRUST—*when it arises, and liability thereunder.* Where one accepts notes of another in trust to pay such person's debt, and agrees with the creditor to either turn over the notes to him or when collected to pay him the money, and enters upon the performance of the undertaking, there will arise an obligation on his part to execute the trust faithfully, and an action lies in favor of the creditor for a failure to do so. He makes himself a trustee for the creditor, even though he receives no compensation.

2. LIMITATION—*in case of trust.* The Statute of Limitations can not be set up against the enforcement of a trust, or to an action for its violation. Even if it applied to such a case, it would not begin to run until the trust was denied.

3. STATUTE OF FRAUDS—*promise to pay debt of another.* Where a person receives property, and in consideration thereof agrees to pay a debt of the party delivering the same to him to a third person, the promise will not be within the Statute of Frauds.

APPEAL from the Circuit Court of McLean county.

Messrs. HUGHES & McCART, for the appellant.

Messrs. STEVENSON & EWING, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was assumpsit, in the county court of McLean county, by Jesse Karr, plaintiff, and against James Walden, defendant, on a special undertaking by the defendant to pay over the proceeds of certain notes left with him by one Geer to the plaintiff, to discharge an indebtedness of Geer to the plaintiff.

4—88 ILL.

It is averred defendant collected the notes and refused to pay the proceeds to plaintiff.

The general issue was pleaded and the Statute of Limitations, and there was a trial by the court by consent, and a finding and judgment for the defendant. An appeal was taken to the circuit court, where plaintiff was permitted to amend his declaration by adding another count, in which it was alleged, in substance, that in consideration that Geer had left with defendant good notes and sufficient in amount (setting them out) to pay plaintiff's debt, the defendant promised the plaintiff that he would either deliver to the plaintiff a sufficient amount of these notes to pay plaintiff's claim, or that he would collect the notes and out of the proceeds pay plaintiff, within a reasonable time after the maturity of the notes. It is then alleged, that the defendant did collect of these notes an amount sufficient to satisfy plaintiff's claim, and it is then alleged that defendant refused to deliver to plaintiff any portion of these notes, and that a reasonable time has elapsed for the collection of the notes, but that defendant, after repeated demands, has refused to pay plaintiff his claim.

The same pleas were interposed in the circuit court, with an additional plea of the Statute of Frauds and Perjuries, and there was a trial by jury. Under instructions of the court, the jury returned a verdict for the plaintiff for one hundred and ninety-three dollars, on which judgment was rendered, a motion for a new trial having been denied. To reverse this judgment the defendant appeals, assigning the same reasons as were assigned for a new trial.

Appellant makes as his first point, that the evidence does not show that any notes were left by Geer with him, out of the proceeds of which appellee should be paid; and, further, that he did not collect any of the notes left with him by Geer, nor did any money pass through his hands. He further contends, that the claim of appellee was barred by the Statute of Limitations; and, finally, that the court erred in disposing of the instructions, and that the damages are excessive.

The facts disclosed by the record show a note held by appellee on one J. H. Geer, bearing date July 6, 1863, payable nine months after date, at ten per cent interest, for two hundred and thirty dollars, payable to appellee, on which was a credit, indorsed June 12, 1869, of one hundred and fifty dollars. Geer had arranged to move with his family to Kansas, and on September 10, 1869, appellee was on his way to Clinton to get out an attachment on Geer's property to secure this debt, and had an interview with Geer, who was then selling his property at public sale. An agreement was then and there made, by which Geer was to leave sale notes with Walden, the appellant, which appellant was to turn over to appellee, or, if collected, pay over the money to appellee. Appellant agreed to this, and notes were left with appellant more than sufficient in amount to satisfy appellee's claim. About a year after the agreement was made, appellee asked appellant for the money or the notes, and told appellant he would sue him if he did not perform his engagement. There is abundant other testimony going to show appellant did receive the notes, and that he had agreed to pay out of them appellee's claim, but he alleged, as an excuse for non-performance, that he had sent the notes to Kansas, on the order of Geer.

This is the main point in the case. Was appellant justified in returning these notes to Geer, under the circumstances? We think not. Appellant held these notes in trust for appellee, and had no right to turn them over to Geer without any notice to appellee. While it is true that the mere promise of appellant to do an act for the benefit of appellee, without any consideration moving from appellee to him, would be *nudum pactum*, yet, after the promisor entering upon its performance, as was disclosed, there arises an obligation on the part of the promisor to execute the trust faithfully, and an action lies for a failure so to do. Story on Bailments, §§ 170, 180.

The views expressed by this court in *Prather* v. *Vineyard*, 4 Gilman, 40, are quite applicable to this case, and is a case

very like this in its main features.    It has often been held by this court, that a person may make himself trustee for another, and be liable to an action by such third party.    *Eddy* v. *Roberts,* 17 Ill. 506; *Brown* v. *Strait,* 19 ib. 89; *Bristow* v. *Lane,* 21 ib. 194.

This being a trust, the Statute of Limitations can not be set up as a defense.    *Albrecht* v. *Wolf,* 58 Ill. 186.    But the proofs show it was within five years from the commencement of the suit that appellant denied the trust and refused to settle appellee's claim.

The cases cited *supra* show the Statute of Frauds and Perjuries can not avail as a defense.

The instructions were properly disposed of, and the jury had all the law given them the case demanded or required. The damages are not greater than the proof warranted.    Geer's note to appellee was at ten per cent interest, and should have been so calculated.    It is plain appellant, in giving up these notes to Geer, violated the trust which had been reposed in him, and he should respond for all the injury the party confiding in him has sustained.

The judgment must be affirmed

*Judgment affirmed.*