## Philetus W. Gates
### v.
## David R. Fraser et al.

1.  Partnership—Right to accounting.—A co-partnership being established, and it being shown that profits have accrued, and are in the hands of either partner, for which he refuses to account to his co-partner, a court of chancery will compel an accounting.

2.  Verbal agreement—Statute of frauds.—Where a partnership has been entered into under a verbal agreement which has been acted upon for a period of years, and one partner has received moneys for which he ought to account, he cannot interpose the bar of the Statute of Frauds to a proceeding for an accounting.

Appeal from the Circuit Court of Cook county; the Hon. Murray F. Tuley, Judge, presiding.    Opinion filed March 29, 1880.

This was a bill brought by appellant for an accounting for patent fees or royalty received by appellee Fraser, on a patent owned by him and complainant jointly. The bill alleges that complainant invented an improved shoe for stamp mills, and that being friendly to Fraser, and willing he should have an interest in the patent, complainant assigned the same to himself and Fraser, and a patent was issued to them jointly as tenants in common on the 10th day of July, 1866, running seventeen years from that date. That it was verbally agreed between complainant and Fraser at the time of making application for the patent, that each should pay half the expenses of procuring the patent, and that they were to be equal partners in all losses and expenses, and gains and profits relating thereto, and in all royalties or patent fees to be derived therefrom; that upon the granting of the letters-patent they became and were equal owners and co-partners in said patent and in all patent fees arising therefrom. That the patent proved to be of considerable value, and the shoes made according to the same have been extensively used in mining machinery; that neither of said patentees has individually manufactured the shoes, but

that the entire business connected with the patent has consisted in licensing others to make and sell the same, which licenses have been verbal ones to the different firms and corporations with which complainant and Fraser have been connected in business since the patent was granted. That for several years next succeeding the issuing of the patent and down to December 1872, complainant and Fraser were connected in business with the Eagle Works Manufacturing Company, and were regularly credited with such patent fees by the company; that after that, and down to the first day of January, 1878, Fraser was a member of the firm of Fraser, Chalmers & Co., and Fraser & Chalmers, and complainant, was a member of the firm of P. W. Gates & Sons, and also of several other designated firms, and that during said period all of said firms made and sold said patented article with the consent and license of said patentees, and that all royalties and license fees received from them were mutually accounted for from year to year and were by complainant and Fraser divided equally between themselves, pursuant to the terms of the original agreement.

The bill alleges that since the 14th day of May, 1879, Fraser and the defendant Chalmers, as co-partners, have been engaged in manufacturing and selling large quantities of said patent shoes, the royalty on which averages five hundred or six hundred dollars per month, and the same has been paid over, or credited in account by said firm to Fraser, and that Fraser refuses to account to complainant for his, complainant's, share of the same, claiming that he is under no obligation to account therefor, but that as co-patentee he is entitled to the entire proceeds thereof.

A demurrer to the bill for want of equity was sustained by the court, and the bill was dismissed. The complainant brings the case to this court by appeal, and assigns for error the action of the court in sustaining the demurrer and dismissing the bill.

Mr. GEORGE SCOVILLE and Mr. JOHN W. ELA, for appellant; as to the right to an accounting, cited Rev. Stat. Chap. 76, § 2; Pitts v. Hall, 3 Blatch. 201; Parkhurst v. Kinsman, 6 N. J. Eq. 608; Dunham v. St. L. & Ind. R. R. Co. 9 Chicago Legal

News, 50; Lignet v. Allison, 12 Mich. 328; 2 Kent's Com. § 350; 2 Hilliard on Torts, 277; Wilson v. Reed, 3 Johns. 175; Benedict v. Howard, 31 Barb. 569; Agnew v. Johnson, 17 Penn. 373; White v. Brooks, 43 N. H. 402; Weld v. Oliver, 21 Pick. 559; 1 Story's Eq. § 466.

The contract is not within the Statute of Frauds:   2 Kent's Com. 510; Fenton v. Emblers, 3 Burr, 1278; Moore v. Fox, 10 Johns. 243; Lockwood v. Barnes, 3 Hill, 128; McLees v. Hale, 10 Wend. 426; Blake v. Cole, 22 Pick. 97; Kent v. Kent, 18 Pick. 569; 2 Story on Contracts, § 1015.

Mr. Arthur Ryerson, for appellees; that joint owners of a patent are under no obligation to contribute to each other for any portion of the profits, cited Vose v. Singer, 86 Mass. 226; De Witt v. Mfg. Co. 12 N. Y. 301; May v. Chaffee, 2 Dillon, 385; Parkhurst v. Kinnon, 6 N. J. Eq. 600; Clum v. Brewer, 2 Curtis C. C. 506; Pitts v. Hall, 3 Blatch. 201; Bump on Patents, 141.

The agreement is within the Statute of Frauds: Packet Co. v. Sickles, 5 Wall, 580; Strehl v. D'Evers, 66 Ill. 77; Comstock v. Ward, 22 Ill. 248; Harris v. Porter, 2 Harr. 27; Boydell v. Drummond, 11 East 142; Browne on Statute of Frauds, § 272.

Part performance has no effect upon the statute except as to the part performed: Swanzey v. Moore, 22 Ill. 63; Thomas v. Dickinson, 14 Barb. 90; Pierce v. Paine, 28 Vt. 34; Lane v. Schackford, 5 N. H. 130.

A general demurrer raises the objection of the statute if apparent upon the face of the bill: Trustees v. Wright, 11 Ill. 606; Switzer v. Skiles, 3 Gilm. 529; Browne on Statute of Frauds, § 509; 1 Daniell's Ch. Pr. § 10.

Wilson, J. By the agreement stated in the bill, and admitted by the demurrer, the complainant and Fraser became the owners of the patent as partners, and *quo ad hoc*, were invested with the rights, duties, and liabilities incident to the co-partnership relation.   Conceding, therefore, that one joint owner or tenant in common of a patent has no right as such, to

demand an accounting by his co-tenant, in respect to which, however, the authorities are not entirely harmonious—and we express no opinion—we see no reason for doubting the right of the complainant as a co-partner of Fraser to call upon him for an account. A co-partnership being established, and it being shown that profits have accrued, and are in the hands of either partner, for which he refuses to account to his co-partner, a court of chancery uniformly lends its aid to compel an accounting. And that is the case made by the present bill. The parties formed a partnership in 1866, agreeing to share equally in the profits and expenses arising out of the patented article. During a period of thirteen years next succeeding the formation of the partnership, more or less profits were realized, which they divided equally between themselves, pursuant to the terms of the partnership agreement, when the defendant, Fraser, refused to further account for or pay over to the complainant moneys received for licenses granted by him, and denied his liability to account.

It is claimed by appellee, that as the agreement between the parties was verbal, and was not to be performed within one year, it is void under the Statute of Frauds. Conceding that under the circumstances it ought to be regarded as an agreement that was not to be performed within a year, but was to continue during the life of the patent, we have been referred to no case, nor are we aware of any authority which holds that where a partnership has been entered into under a verbal agreement which has been acted upon for a period of years, and moneys have been received by one partner for which, independent of the statute, he ought to account, he has ever been permitted to interpose the statute as a bar to an accounting by his co-partner.

As between themselves, partners hold partnership funds and effects under an implied trust, each standing in the relation of trustee for the other, and neither will be permitted to use the statute as at once a shield and a sword. Occupying this relation of trust and confidence to each other, it would be a reproach to the law if moneys, obtained by means of such relation, could be unjustly withheld under the protection of the Statute of

Gates v. Fraser.

Frauds. It would be converting a statute enacted for the prevention of fraud into an instrument for the perpetration of fraud. While, doubtless, the statute might be invoked to justify a refusal to further execute a verbal agreement that is not to be performed within a year, it will not be permitted to defeat an accounting so far as the parties have voluntarily acted under it. It is against conscience that one who has money which equitably belongs to another, should be suffered to shield himself against its payment under the Statute of Frauds. It has been repeatedly held that where a corporation has obtained the money of another by the sale of its bonds, which have been declared invalid as *ultra vires*, the corporation cannot excuse itself in an action brought against it for money had and received, by setting up a want of authority to execute the bonds.

It is sufficient that it has money which *ex æquo et bono* belongs to the plaintiff.

So, too, the courts have uniformly held that the Statute of Limitations cannot be interposed to prevent an accounting so long as the relation of trust and confidence continues. It is only when a new relation intervenes by the death of a partner or other dissolution of the firm, that the statute begins to run.

In the case of Albrecht, Adm'r, v. Wolf, Adm'x, 58 Ill. 186, the court say: "The rule seems to be well settled by authority, that so long as the duties of the trustee remain undischarged, the trustee cannot avail himself of the Statute of Limitations for his defense. But if the trustee openly deny the trust, and act adversely, the statute will begin to run, and may ultimate in a bar to the rights of the *cestui que trust*." And in the same case the court further says: "We are at a loss to understand how the Statute of Frauds insisted upon, can have any application to the facts in this case. The case cannot be assimilated to a case of a mere promise to pay the debt of a third person, where the Statute of Frauds would have its appropriate application. The property was bequeathed to Bauer for a particular purpose, and a trust was created by the terms of the will which he undertook to perform. The case has no elements that would bring it within the Statute of Frauds." See, also, the leading case of Kane v. Bloodgood, 7 John. Ch. 89; Angell

on Limitations, Ch. 35, sixth ed.; Coudry v. Gilliam, 60 Mo. 86, and cases cited; Walden v. Karr, 88 Ill. 49; Weisman v. Smith, 6 Jones, Eq. R. (N. C.) 124.

A distinction is recognized in many of the cases between direct trusts, created expressly by will or deed, and those which are implied or constructive trusts, arising out of the relation of the parties to each other, such as co-partners or tenants in common, the rule being that with reference to the former or direct trusts, the rights of the *cestui que trust* cannot be barred by lapse of time; but in cases of implied and constructive trusts, where a claim is made after a great length of time, the bar of limitation will prevail. Thus in Farman v. Brooks, 9 Pick. 212, it was held that the statute does not apply to direct trusts, and perhaps not to those created by appointment of law, such as executorships and administrations, but to constructive trusts resulting from partnerships, agencies, and the like. This distinction, however, must itself be qualified with another, namely, that where the trust is a continuing one between the parties, and as we have already observed, the duties of the trustee remain undischarged, he cannot avail himself of the Statute of Limitations for his defense. In the present case, the parties continued to act under the partnership agreement down to the month of May, 1879, so that whatever view may be adopted as to the applicability of the statute, less than a year had elapsed between the last accounting and the filing of the bill.

As to the defendant Chalmers, we cannot say that he was improperly made a party defendant with Fraser. The bill alleges that if the royalties or license fees due from the firm of Fraser & Chalmers have not yet been paid over to Fraser, they are still in the hands of the firm, and complainant seeks to charge the firm as equitable garnishees. It prays for a discovery under oath by Fraser and Chalmers as to the number of shoes made and sold by the firm under the license from Fraser, and what amount, if any, is due from the firm to Fraser on that account. In order to obtain a disclosure, or, if necessary, an inspection of the firm books, or to entitle the complainant to any relief as against the firm of which Fraser was a member, it was necessary to make him a party

For the reasons hereinabove stated, the decree of the court below is reversed and the cause remanded for further proceedings.

Reversed and remanded.