## G. O. BARNES, ADMINISTRATOR,

### v.

## NAOMI MARING.

*Administration—Statute of Limitations—Widow's Award, a Judgment.*

1. A widow's award, when allowed, is a judgment, and is barred by the Statute of Limitations in twenty years.

2. This court declines in the case presented to decide whether the administrator stands to the creditors in such a relation of trust as to prevent him from pleading the Statute of Limitations, he having openly denied the claim and acted adversely thereto more than twenty years prior to the filing of the present petition.

[Opinion filed May 27, 1887.]

APPEAL from the Circuit Court of Marshall County; the Hon. T. M. SHAW, Judge, presiding.

Mr. G. O. BARNES, in person.

Messrs. EDWARDS & EVANS, for appellee.

LACEY, J. On the 3d day of March, 1858, appellant was duly appointed administrator of the estate of Phineas Maring, deceased. The personal property of the estate amounted to $260.75 and the widow's (appellee here) award was $405.

She took all the personal estate, leaving due her as a claim against the estate $134.25. On the 20th day of May, A. D. 1860, the appellant, the then administrator of the estate, made a final report to the County Court of his acts and doings in the said estate, in which he charges himself with all the personal estate and $500 proceeds of the sale of real estate belonging to the said estate, and credits himself with various items, among which was $30 for services as an attorney in obtaining the sale of real estate in the County Court, and other items in payment of the account, leaving a balance in his hands of $45.78 which the court in substance approved, and ordered him to pay it to the parties entitled to it.

This sum, then amounting to $47, was paid out on the order of the widow, the appellee, July, 1861. According to the approved report and the payment under the order of the County Court this closed the account, and the administration was completely closed. In the final report the appellant asked to be discharged, but no final order of discharge was made by the County Court.

The administrator, the appellant, supposing the matters of the estate were fully settled and himself discharged, looked after the matter no further until, February 9, 1886, appellee filed her petition for citation and filed exceptions to the report, asking that the items for $30 for attorney fees and some other small items be disallowed and the administrator be required to pay her *pro rata* out of the $500 obtained from the sale of the real estate with the other creditors. The court overhauled the account and allowed the claim of the appellee and ordered applicant to pay to her on her award the sum of $110.16. The appellant claims that the claim of the appellee was barred by the Statute of Limitations and the appellee insists that it was not. The decision of this question will determine the rights of the parties to this controversy.

No pleadings are required in a trial of this kind. It is like a case tried before a Justice of the Peace, where all the proceedings are oral and defenses are supposed to be made. The Statute of Limitations is supposed to be made upon

the introduction of the evidence, or on the face of the papers. The widow's award as against the money arising from the sale of real estate after she received her personal property, which she did, was a claim like any other claim against the estate. Cruce v. Cruce, 21 Ill. 46. An allowed claim against an estate, and the widow's award in one, is a judgment in the County Court, to be paid in due course of administration, and bears interest the same as any other judgment. Mitchell v. Mayo, 16 Ill. 83; Propst v. Meadows, 13 Ill. 157. All judg-ments under our statute are barred in twenty years. It follows from this that appellee's claim would be barred by the Statute of Limitations in twenty years, unless there is something in the relation which the administration bears to the estate to make this an exception to the general rule. Let us examine this question to see if this is an ex-ception. It is insisted by the counsel for appellee that the administrator is a trustee and can not set up the Statute of Limitations in bar to the next of kin, or persons entitled to the distributive share of the assets, and hence no lapse of time is a bar to the direct trust as between trustee and *cestui que trust*, and quotes Ruby et al. v. Bennett, 112 Mo. 3; Douche v. Savetier, 3 Johns. Ch. 190; Commonwealth v. Maltz, 10 Pa. St. 527; Albretch v. Wolf, 58 Ill. 186; Walden v. Karr, 88 Ill. 49, and Wingate v. Pool, 25 Ill. 118, and other cases. If we should admit this to be the general doctrine, which we do not here decide, we can not see how the appellee is aided by it. Does the administrator stand in any relation of trust and confidence to appellee's claim? It is the duty of the administrator to make all legal defenses to any and all claims against the estate, the affairs of which he is appointed to settle. It is his duty, which he owes to the heirs and all those having valid claims, to make all legal defenses to other claims allowed by law.

If any claim be presented against the estate which has been barred by the Statute of Limitations, it is his duty to make the defense. If this bar arises after the claim has once been allowed, it would appear to be just as much his duty to defend against it for the benefit of the heirs as it would have been

on its first presentation. It will be seen that more than twenty years have elapsed since the appellee's claim was allowed, and it would seem that it was barred by the Statute of Limitations, being in the same category as judgments of a court of record. The law conclusively presumes that it has been paid.

If appellant can be called to account and be compelled to re-state an account after a lapse of over twenty-five years it is certainly not at the hands of the appellee who has allowed her claim to become barred by the statute. Even if, in general, an administrator stands to the creditors of the estate in such relation of trust as that the Statute of Limitations could not be pleaded in case the claim were not barred, a point it is not necessary for us to decide in this case, yet if the administrator should assume such an attitude as to openly deny the trust and act adversely, the statute would begin to run and would ultimate in a bar to the rights of the *cestui que trust.* Albretch, adm'r, v. Wolf, adm'r, 58 Ill. 186. Now by this report which was approved by the County Court the administrator assumed an attitude in effect denying that appellee had any right to share *pro rata* with the other creditors out of the funds arising from the sale of the real estate; also that she had been paid in full as far as the assets would pay, except the $47 which he afterward paid her. This report and approval was of record for over twenty-five years, and it would seem in all fairness the appellee should have disputed such claim of the appellant in that time and not have acquiesced in it for so long. In Alabama it has been decided that if the record shows an irregular final settlement after twenty years, the court will presume that proper notices were given and parties in interests present. Barrett v. Lawrence, 23 Ala. 463. See also to same effect Pennypacker's Appeal, 15 Pa. St. 430 (2 Harris); State Bank v. Williams, 1 Eng. 156. The Statute of Limitations is enacted on the grounds of public policy. It is a rule adopted out of convenience and policy, the result of a necessary regard to the peace and security of society. We think all the rights of appellee to call the appellant to account on account of her claim has been fully barred by the Statute of Limitations, and that the court below erred in not dismissing

the petition or not deciding in favor of appellant and in not refusing to compel him to re-state his account.

This is not a claim of a minor against his guardian as in Bruce v. Doolittle, 81 Ill. 103. Bruce in that case was a guardian and intrusted by virtue of his office with the funds of his wards. In this case appellee was only a judgment creditor, or claimant against the estate, which is similar in law. The judgment of the Circuit Court is reversed and the cause remanded.

*Judgment reversed and cause remanded.*