## I. BACHARACH

### v.

## JAMES McCURRACH ET AL.

*Statute of Frauds—Promise to Pay Debts of Another.*

The statute of frauds requires that the promise to pay the debts of another shall be in writing, and the common law requires such promise to be based upon a sufficient consideration, else the promise is not binding.

[Opinion filed January 14, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. SEARS & ARND, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellees.

GARY, J.   One Marx was in business in Chicago, and indebted to the appellant and appellees, and to others.

Marx delivered his stock of goods to the appellant and left Chicago.   The only evidence of the value of the stock is from the appellant, who says it was worth less than the amount Marx owed him.   The appellant held also a note made by Marx of $250, which had been given at the appellant's request, as Marx could not pay, and which the appellant procured to be discounted, but had to take up.   Marx went to England, telling the appellant to send the note to him, and he would pay it, but never sent his address.

There is testimony that the appellant promised the appellees that he would pay them what Marx owed them, but none that there was any such promise by appellant to Marx, or any consideration for, or note in writing of, such promise to appellees.   They sued him upon that promise and recovered.

It is pretty clear that there was some arrangement between the appellant and Marx, that when Marx paid the note, appel-

lant was to pay the debts Marx owed, but Marx never paid it, so that no money has been received by the appellant for the use of the appellees.

One claim by the appellees is that the appellant held this note in trust, and should have enforced the collection of it from Marx before he left, and they cite Walden v. Karr, 88 Ill. 49, and Prather v. Vineyard, 4 Gilm. 40. This case does not resemble in facts, or principle involved, either of those. Here there was no trust, no money received by the appellant to the use of the appellees, no consideration for any promise by him to pay them, and no note in writing of any such promise. The case illustrates the wisdom which prompted the statute of frauds.

The appellees have no case against the appellant. The statute of frauds requires that the promise to pay the debt of another shall be in writing, and the common law requires that promise to be upon a sufficient consideration; else the promise is not binding. Eddy v. Roberts, 17 Ill. 505, to that effect, has been cited by the Supreme Court, with approval, more than a dozen times.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*