EVERETT F. MOORE *v.* FRED C. OSER

(No. 7177)

Submitted April 19, 1932.   Decided April 26, 1932.

*Rickey & Bottome,* for plaintiff in error.
*A. L. Hooton,* for defendant in error.

HATCHER, PRESIDENT:

In this action plaintiff seeks to recover $150.00 as balance on an attorney's fee. At the termination of the trial, the

defendant moved for a directed verdict, which motion was granted, and plaintiff secured a writ of error here.

Plaintiff's testimony in relation to his demand is as follows:

"Mr. Oser came to my office to consult me about representing a man by the name of Tony Zeske. * * * He (Oser) explained to me that Zeske had been held·by Squire Clayton to answer for a second offense against the prohibition law, and that he had either that day gone on his bond or expected to go on his bond. He asked me what it would be worth to represent Tony Zeske, what fees I would charge. I told him * * * $250. Mr. Oser said to me, 'Well, that is all right. I am going on his bond,' or 'I have gone on his bond,' I don't recall,. and the money will be put in my hand. I said, 'All right, but I must have a retainer fee in this case.' * * * I told him that I wanted a hundred dollars and I wanted arrangements made whereby if I successfully concluded the defense of Tony Zeske by either getting a favorable verdict from the jury or the indictment happened to be dismissed, that I should have my other part of the fee, $150, paid me. He said that was very satisfactory, and assured me that there would be no trouble about getting my money and said that he would send Zeske to me. Now, Zeske and his wife came to my office after that, * * * * to interview me and give me the facts of their case, * * * and they paid me $100.00. * * * Later, after they had·been to me and paid me the $100 Oser again came to me about the case and told me that he had the $150 in the bank to be paid me when the case was concluded in accordance with the agreement."

Zeske was indicted; the indictment was nollied through the efforts of plaintiff who then demanded of defendant the $150.00 balance due on the fee, and the demand was refused.

The defendant admits that he had in his possession $2,000.00 of Zeske's money pending the disposal of the indictment, but denies having agreed with plaintiff to hold and deliver any part of the money to him. However, upon defendant's motion for a directed verdict he waived all of his testimony which conflicted with that of plaintiff, and the

court should have considered the motion on that of the plaintiff alone. According to plaintiff's testimony, the defendant had possession of $150.00 which he promised plaintiff to hold and to deliver to him upon the successful termination of the action against Zeske. Under that evidence the defendant became a gratuitous bailee, or mandatary, of the $150.00, and as such was legally obligated to deliver it to plaintiff when the action terminated. Dobie on Bailments, etc., sec. 19. Upon failure of delivery, plaintiff had a right of action against defendant. *Chase* v. *Ghase,* 33 Me. 363; *Walden* v. *Karr,* 88 Ill. 49; Dobie, supra; Story on Bailments, sec. 103; 6 C. J., subject Bailments, sec. 113.

The judgment of the lower court is therefore reversed, the verdict set aside, and a new trial awarded the plaintiff.

*Reversed; verdict set aside; new trial awarded.*