EVERETT F. MOORE *v.* FRED C. OSER

(No. 7476)

Submitted February 28, 1933. Decided March 14, 1933.

*J. W. Rickey,* and *Paul Bottome,* for plaintiff in error.
*A. L. Hooton,* for defendant in error.

WOODS, JUDGE:

This is an action to recover $150.00, balance due for legal services rendered defendant, for one Tony Zeske, under an express contract with defendant. Plaintiff prosecutes error from a judgment based upon an adverse jury verdict. On a review of the case made on a former trial, this Court set aside a directed verdict for the defendant and remanded the case. *Moore* v. *Oser,* 112 W. Va. 208, 164 S. E. 144, on the theory that plaintiff was a gratuitous bailee, or mandatary, for the $150.00.

There is no substantial difference in the evidence adduced at the two trials. The issues are identical.

Moore claims that Oser came to his office on April 3, 1930, relative to defending one Tony Zeske, who had been bound over to the grand jury on a liquor charge; that defendant was advised as to the terms upon which plaintiff would take the case; that shortly thereafter plaintiff was stopped on the street by defendant, who said, ''I want you to represent Zeske. It is all right. You will be paid for it. I have gone on his bond and they have given me the money and I have the money in the bank to pay you when you are through''; that plaintiff informed defendant that a retainer of $100.00 would be required; that Zeske and wife, strangers to plaintiff, came to the latter's office on April 16, 1930, and paid the retainer, stating that Oser had sent them; that Zeske was subsequently indicted; that the case was continued twice, and on October 31, 1930, the indictment, due to plaintiff's efforts, was nollied; that thereupon defendant came to the office of plaintiff and inquired if he was thereby released from liability on the bond; that plaintiff advised him that he was, and inquired concerning the $150.00 fee for legal services; that defendant replied

that he did not bring it, as he had left hurriedly, and said, "I will bring it down before 2:00 o'clock this afternoon." The defendant did not return. Plaintiff wrote several letters demanding payment, and finally instituted the present action.

The testimony introduced on behalf of the defendant is to the effect that he did not employ the plaintiff, nor agree to pay the $150.00, either before the time plaintiff claimed to have been retained, or any time thereafter. Defendant states that he went to see Moore immediately after information that the indictment had been nollied, and was advised by the latter that his liability on the bond was at an end; thereupon he and Zeske went to the bank where the money which he (Oser) had in his possession during the life of the bond was returned to Zeske; that Zeske at that time took $150.00 in cash (the balance being deposited to his credit) for the purpose of paying plaintiff for legal services. Later in the day Zeske withdrew all his money from the bank, and, according to the evidence, has not been heard of since. There is no evidence to the effect that Zeske made a contract with Moore to pay the $150.00.

At the conclusion of the evidence, the court, at the instance of the defendant, and over the objection of plaintiff, gave an instruction to the effect that if the jury believed that there was a promise on the part of defendant to pay plaintiff for services rendered, yet if they further believed from the evidence that the plaintiff gave any credit whatever to Zeske at the time the services were rendered so that Zeske was in any degree liable for the payment of plaintiff's bill for services, this promise on the part of defendant was a collateral undertaking and they must find for the defendant.

As we read the record in this case there is no evidence to support defendant's theory of a collateral undertaking. In order to warrant the giving of the above instruction, there must be evidence of a contract between Moore and Zeske. The defendant's testimony is nothing more than a straight-out denial of plaintiff's contention. There being no question of a collateral undertaking, the trial court erred in giving the instruction. The fact that the defendant had some $2,100.00 of Zeske and wife's money in his absolute control during his liability on the bond strongly corroborates plaintiff's theory of the case; and, in the absence of the instruction complained

of, would undoubtedly have been a controlling factor in the jury's action. But by the giving of the instruction the jury, in the absence of evidence of a contract between Moore and Zeske, may have considered that Moore's services in regard to the criminal proceedings against Zeske created the obligation referred to in the instruction. The instruction, as we see it, was most damaging to plaintiff's case. For its giving we must reverse the judgment of the circuit court, set aside the verdict, and remand the case for a new trial. *Chadister* v. *B. & O. Ry.*, 62 W. Va. 566, 59 S. E. 523; *Lewis* v. *Supply Co.*, 59 W. Va. 75, 52 S. E. 1017; *Parker* v. *Building & Loan Ass'n.*, 55 W. Va. 134, 46 S. E. 811.

*Reversed; verdict set aside; new trial awarded.*