ELIZABETH SCHEEL *et al.*

*v.*

MICHAEL EIDMAN *et al.*

1   PRACTICE—*amendment as to parties' names.*  Where there was a mistake in a claim filed in the county court against the estate of a deceased guardian, by the wards, in respect to the name of one of the wards, it was *held*, that the name might properly be changed to the true one, on appeal in the circuit court, under the Practice act of 1872.

2.   EVIDENCE—*sufficiency of proof of death.*  Where the only proof of a person's death was the statement of a witness, that a sister of the person said such person "married a river man, and went on a boat, and the boat blew up and she got killed:" *Held*, that while the evidence might perhaps justify a finding in favor of the person's death, yet it was not sufficient to set aside a contrary finding.

3.   LIMITATION—*claim against guardian's estate.*  A claim against a guardian's estate, for moneys coming into his hands belonging to his wards, is not barred within five years after the majority of the wards. The claim will not be barred so long as an action may be brought upon the guardian's bond, to enforce its recovery.

APPEAL from the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. G. & G. A. KŒRNER, for the appellants.·

Mr. WM. H. UNDERWOOD, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Adam Eidman died in 1849, leaving a widow, and four children, the appellees, Michael, Louisa, William and Margaret Eidman, the eldest of whom was then not over ten years of age.

He left an interest in 43¾ acres of land in St. Clair county, in this State. The widow married one William Althoff on the 12th of October of the same year. 1849, and removed to Minnesota in about the year 1854. and died in August, 1865. The step-father caused a suit to be brought, in the names of these minor children, against Laura St. Clair. for a partition of said land, and a decree was obtained at the March term, 1855, of the St. Clair circuit court, finding that said four children and heirs of Adam Eidman were entitled to an undivided five-sixths of said land in fee. and Laura St. Clair to an undivided one-sixth, and decreeing partition.

The premises not being susceptible of division without injury, there was an order of sale and for a distribution of the proceeds. A sale was had, the net proceeds of which coming to these children were $624.86. John Scheel, then clerk of the county court, was appointed by that court guardian for said four minor heirs, and gave a bond and was qualified as such guardian on the 22d day of September, 1855, but never made any report or settlement. On the 22d day of February, 1870—John Scheel having previously died—an account was filed in the probate court of St. Clair county, against his estate, in. the names of Michael Eidman, Louisa Heda, William Eidman. and Margaret Eidman, wards of John Scheel, deceased, for an indebtedness on account of the proceeds of said sale. At the February term, 1871, of that court, an order was entered, reciting that by mutual agreement came the attorneys for William, Margaret, Michael, Louisa and Laura Eidman, heirs of A. Eidman, deceased, and Frederick E. Scheel, for the estate of John Scheel, deceased, and finding, after hearing testimony, that the amount of $624.86 was due said heirs from said guardian, with six per cent compound interest from September 2, 1857, making a total of $1372.60. From this order there was an appeal by the executors of John Scheel, deceased, to the circuit court.

At the April term, 1874, the case was tried in the circuit court, without a jury, and the following record made:

"In the matter of the guardianship of Michael, Louisa, William and Margaret. children and heirs of Adam Eidman *v.* The estate of John Scheel, late guardian of said heirs, Elizabeth and Frederick E. Scheel, executor and executrix of John Scheel, deceased."

Then follows a recital of the evidence being heard by the court by consent of the counsel for the respective parties. and arguments, and finding for the plaintiffs, children and minor heirs, as aforesaid. the sum of $1522.70, and allowing the same against the estate of said John Scheel, etc.

The defendants have brought the record here by appeal.

The first objection taken is. that the account was filed in the probate court in the names of Michael, William, and Margaret Eidman. and Louisa *Heda;* that they were never changed on the record, yet the judgment is for Michael, William, Margaret and Louisa Eidman.

The account was filed by the wards, and the final order was in favor of the wards. If there was a mistake in the name of one of the wards in the account filed, it was properly corrected in the last order ; the case was properly docketed, and trial had in the names of the proper parties. to which the appellants appeared. and contested on the merits. Names of plaintiffs and defendants may be changed in the circuit court, under the new Practice act of 1872, and trials had on the merits. The account being filed by the wards, it was proper that the final order in their favor should be in their right names, although one of them was misnamed in the account which was filed. Louisa had been married, and the confusion in her name very likely comes from using her husband's name in the account.

It is next objected, that Louisa is dead, and that there is error in taking judgment in the name of a dead person. If that could be regarded a fatal error in such a case as this, we would be inclined to uphold the judgment and not reverse on that ground, for the reason that the evidence of the alleged death is not sufficiently strong to require it. The only evidence as to Louisa's death, is the statement of the witness

Huelbig, that Margaret said that "she (Louisa) married a river man, and went on a boat. and the boat blew up and she got killed." While perhaps, on that evidence, a finding in favor of the fact of the death might be allowed to stand, we are not prepared to say that a contrary finding should be set aside as against the evidence.

It is insisted, that there is not sufficient evidence that Scheel, the guardian, ever had received the money. The evidence upon this point, it is true, is not so satisfactory as it might have been ; still, upon examination of it, we think there was sufficient to warrant the finding of the court in that respect.

It is contended, further, that the suit is barred by the Statute of Limitations ; that the time of limitation here is five years after the cause of action accrued. or where there are minors when it accrues, five years after their majority ; that as the evidence shows the father of the children died in 1849, the two eldest children being boys and the two youngest girls, the oldest child being ten years of age at that time, and the youngest, one or two, they must all, except perhaps the youngest. be barred by the statute. A guardian's bond was given by the guardian September 22, 1855. The limitation of action on that is sixteen years. The indebtedness here could be recovered for in an action upon the bond. The account filed against the estate is, in general, for an indebtedness in respect of this money received. We see no sufficient reason for holding that this claim of indebtedness against the estate is barred by any statute of limitation, so long as an action may be brought upon the guardian's bond to enforce its recovery, and there is no pretense that the time has elapsed for bringing such an action.

We find no sufficient ground for reversing the judgment, and it is affirmed.

*Judgment affirmed.*