Randolph v. Trustees of Schools.

Mr. J. B. Mann, for appellant.

Messrs. F. Bookwalter and E. R. E. Kimbrough, for appellee.

---

## William P. Randolph, Administrator,

### v.

## Trustees of Schools.

*Administration—Order of Distribution—How Enforced —Second Order —Secs. 114 and 115, Chap. 3, R. S.*

1. Where the County Court, in the administration of an estate, has entered an order of distribution, it has no authority, even after many years, to make another order adding interest to a claim included in the original order.

2. Proceedings for the enforcement of an order of distribution should be made under Sec. 115, Chap. 3, R. S. The term "settlement," as used in

Sec. 114, refers to an accounting to ascertain the condition of the estate that the order for distribution may follow.

[Opinion filed November 18, 1887.]

Appeal from the Circuit Court of Logan County; the Hon G. W. Herdman, Judge, presiding.

Mr. William B. Jones, for appellant.

Messrs. Beach & Hodnett, for appellee.

Wall, J.   On the 23d of April, 1862, the Trustees of Schools, Township 19 N., R. 2, W. 3d P. M., recovered a judgment in the Circuit Court of Logan County against Wm. H. Young for the sum of $921.22.

The said Young afterward died intestate and at the May term, 1863, of the Logan County Court the appellant was appointed his administrator and having qualified as such he assumed the duties thus devolved upon him.

At the August term, 1863, of said County Court, the judgment referred to was probated against the estate as of the first class.

On the 23d of July, 1868, said County Court made an order requiring the administrator to pay out the money in his hands, after paying an item of $72.45 in full, at the rate of 85⅜ per cent. on all first class claims, and that he file vouchers for such payments.

Nothing further appears to have been done so far as this claim is concerned until the 9th of August, 1886, when, upon the petition of the Trustees of Schools of said township representing that the order of July 23, 1868, had never been complied with, the County Court cited the appellant to show cause why he should not pay said sum with interest.

Upon a hearing in the County Court at the September term, 1886, it was found that there was due said Trustees from the appellant upon the order of July 23, 1868, the sum of $812.10, which with interest at six per cent. then amounted to $1,697.28, and it was therefore ordered that the appellant pay said last

named amount to said Trustees and that he file a voucher therefor. From this order appellant prosecuted an appeal to the Circuit Court where a judgment was rendered against him in favor of the Trustees for $2,185.83 and costs, and it was ordered that execution issue thereon. From the latter judgment an appeal is prosecuted to this court. The order of July 23, 1868, was an adjudication of the rights of those parties. By that order the amount which the appellant was required to pay on the claim of appellees was definitely fixed and settled at $812.10. Nothing more was needed in this respect. We are unable to perceive any reason why there should be a repetition of this order and we find nothing in the statute authorizing it.

The order entered in the County Court upon the citation at the September term, 1883, was merely such a repetition, adding interest at six per cent. from the date of the original order. The judgment of the Circuit Court found that appellant was chargeable with six per cent. up to July 1, 1872, and with ten per cent. thereafter, and awarded execution for the whole sum so found due.

We assume the latter part of this order was inadvertently entered. We have been referred to no provision of the statute under which such a judgment could be entered. The real question, however, must be whether the facts set up in the petition furnish the necessary ground for relief. Counsel for appellee argue that the proceeding is justified under Sec. 114, Chap. 3, which provides that the County Court shall enforce settlements of estates, etc. We understand the term settlement as here used refers to an accounting and the provision here made is to enable the court to ascertain the condition of the estate so that the necessary orders for distribution may follow. It seems hardly possible that this section was intended to authorize a mere repetition of a former order of distribution. While there is some obscurity in the various provisions of the statute, yet we are clearly of opinion that when there has been an order of distribution the court is not required to make another to the same effect, and that, if it is desired to enforce the order by subsequent proceedings in that court, it should be under Sec. 115, which provides that, if the adminis-

trator fails to pay over the dividend within thirty days after demand made, the court may, upon application, attach and imprison him until he shall comply with the order or be discharged in due course of law. It is not contended there was any such demand. Indeed it is admitted there was none, and there is no pretense that the proceeding is under Sec. 115. On the contrary, as distinctly put by counsel, it is under Sec. 114. It is a logical conclusion from the position assumed that though there has been an order of distribution the court may, and if moved, must, at a succeeding term, make another like the first, adding interest. If this be so, at a later term another similar order may be made, again adding interest, and so on *ad infinitum*. Thus interest may be compounded and new bills of cost incurred at every citation and yet nothing is done to enforce payment. Such proceedings are not to be sanctioned unless within the clear import of the statute.

We consider it not important whether the order of distribution be termed " casual" or "final." It was an adjudication upon the point involved. The *pro rata* of distribution was binding on the parties thereto, and nothing further is required in that behalf.

The judgment of the Circuit Court will be reversed and, as by our construction of the act the citation is without proper foundation, the cause will not be remanded.

*Judgment reversed.*