WILLIAM P. RANDOLPH, Admr.

*v.*

THE PEOPLE, for the use of the Trustees of Schools.

*Filed at Springfield October 31, 1889.*

| 130 | 533 |
| 40a | 177 |
| 130 | 533 |
| 53a | 352 |
| 130 | 533 |
| 99a | 1326 |

1. APPEAL—*from county court to circuit court—on final order to pay claim.* An appeal lies to the circuit court from an order of the county court directing an administrator to pay over a specified sum of money on a claim allowed against an estate, within a given time, and the costs of the proceeding, and providing for his imprisonment in case of his failure to make such payment. Such order is a final judgment, as much as if an execution had been awarded. The manner of enforcing payment, whether by execution or attachment, does not affect the character of the order or decree.

2. SAME—*former decision distinguished.* In the case of *Haines* v. *People,* 97 Ill. 161, which was brought from the county court to this court directly, the order of commitment was not for the enforcement of an order for the payment of money. It was a simple order committing the party to jail, and not a judgment for money, to be paid within a fixed time.

APPEAL from the Appellate Court for the Third District;— heard in that court on appeal from the Circuit Court of Logan county; the Hon. GEORGE W. HERDMAN, Judge, presiding.

This was a proceeding in the Logan county court, purporting to be an attachment against the appellant, as administrator of the estate of W. H. Young, deceased, for a contempt of court by appellant in failing to pay the trustees of schools $812.10, in pursuance of an order of the court made July 23, 1868. Appellant filed a plea or answer, averring that no demand had been made on him for the money prior to January 14, 1888; that within thirty days after such demand he had made two different tenders of the money,—$812.10,—and again tendered the same in court, which tenders had been refused.

The county court rendered no judgment in regard to any question of contempt. The liability of the administrator to

pay the $812.10 not being controverted, the only question tried was that of interest, and the court, by adding to the $812.10 interest thereon at six per cent to July 1, 1872, and ten per cent after that date, aggregating $2287.92, rendered judgment for that sum, and ordered appellant to pay the same in twenty days, and on failure to pay the same, that he be committed to jail until payment of said money, and until released by due process of law.

From this order appellant perfected an appeal to the circuit court. In the circuit court appellees entered a motion to dismiss the appeal, which was sustained. On appeal to the Appellate Court, the order of dismissal was affirmed, and the appellant, by his further appeal, brings the case to this court.

Mr. W. B. JONES, for the appellant:

The order of the county court being final, and a judgment for the payment of money, the appeal to the circuit court was authorized by section 124, chapter 3, and section 240, chapter 37, of the Revised Statutes. *Pfirshing* v. *Falsh,* 87 Ill. 261; *Wier* v. *Gand,* 88 id. 491; *Steel* v. *Steel,* 89 id. 51.

It is claimed, that because this proceeding is styled an attachment for contempt, partaking of the nature of a criminal proceeding, no appeal lies from the county to the circuit court, referring to *Haines* v. *People,* 97 Ill. 161. The argument might be good if the county court had rendered a judgment against the appellant for contempt, and nothing more, as was done in the *Haines case.*

Messrs. BEACH & HODNETT, for the appellees:

A proceeding under the 115th section of the act in regard to the administration of estates, is for a contempt, and an appeal does does not lie from the order of the county court made thereunder. *Haines* v. *People,* 97 Ill. 161.

The county court has original jurisdiction of the settlement of estates. Const. 1870, art. 6, sec. 18.

When an order of distribution has been made, the only way to enforce it in the county court is by proceeding under the 115th section of the Administration act. *Randolph* v. *Trustees of Schools,* 26 Bradw. 241.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This was an appeal from an order of the County Court of Logan County to the Circuit Court of that county; the Circuit Court dismissed the appeal; the Appellate Court has affirmed such dismissal, and the case is brought here by a further appeal.

The main question discussed by the counsel on both sides, and the only one which we deem it necessary to decide, is this: was the appeal properly taken from the County Court to the Circuit Court, or should the case have been brought directly to this Court by writ of error issued herefrom to the County Court?

Before July 23, 1868, the appellant, Randolph, was appointed by said County Court administrator of the estate of William H. Young, deceased. On that day there was a final settlement of the estate, and an order was then entered directing the appellant, as such administrator, to pay to the trustees of schools of T. 19 N. R. 2 W. the sum of $812.10.

After the lapse of many years, the County Court entered another order, wherein, after finding, that appellant had failed to pay over the money within thirty days after demand made for it, it was "thereupon ordered, adjudged and decreed by the Court that said Wm. P. Randolph, Admr. as aforesaid, pay to the said trustees, etc., said sum of $2287.92 under said former order of the Court, the said sum being the principal sum together with the legal interest due thereon, and that said payment be made within twenty days from this day, and that said Admr. pay all costs of this proceeding in like time; * * * that, upon the failure of said * * * admr. to pay said

sum of money so ordered paid  *  *  *  he  *  *  *  be com-
mitted to the county jail of Logan County until payment of
said money and until released by due process of law." (Secs.
114 and 115, chap. 3, Starr & C. Stat. pages 243 and 244).
It was from this last order that the appeal was taken to the
Circuit Court. We think that such appeal was properly taken.

Sec. 124 of the "Act in regard to the administration of es-
tates" (Starr & C. Ann. Stat. page 247) provides, that "appeals
shall be allowed from all judgments, orders or decrees of the
county court, in all matters arising under this Act, to the Cir-
cuit Court, in favor of any person who may consider himself
aggrieved by any judgment, order or decree of such court," etc.
The order appealed from was in a matter which arose under
said Act.

Again, section 122 of the Act approved March 26, 1874,
entitled "An Act to extend the jurisdiction of county courts,"
etc., found in chap. 37 of Rev. Stat. under the head of "County
Courts," (Hurd's Rev. Stat. 1885, page 367; Starr & C. Ann.
Stat. page 728), provides that "appeals may be taken from
the final orders, judgments and decrees of the county courts
to the circuit courts of their respective counties," etc., except
in certain specified cases, etc. This section 122 was discussed
in *The People ex rel.* v. *Prendergast,* 117 Ill. 588. In the
*Prendergast* case an order similar to the one now under con-
sideration was held to be a final order within the meaning of
said section 122, and the following language there used is
applicable here: "relator was adjudged and decreed by the
court to pay to petitioners in that cause the sum of $2387.95
by a certain date fixed by the order of the court. No element
of a final decree is wanting in the case. The decree is abso-
lute, and requires the unconditional payment by relator, with-
in a short period fixed, to petitioners of the amount of money
found due from him. That is as much a final judgment as if
the court had awarded execution for its collection. The man-
ner of enforcing payment, whether by execution or by attach-

ment for disobedience to the judgment and decree of the court, does not affect the character of the decree. Whether enforced in one way or the other, it is none the less a final decree. Not the slightest doubt is entertained that an appeal would lie from the order of the County Court," etc.

Counsel for appellees contend that the order now under consideration is an order committing the appellant for contempt of court, and that there is no appeal from the county to the circuit court in case of such an order of committal for contempt, but that the process of review must be by writ of error from the Supreme Court to the county court. The case of *Haines* v. *The People*, 97 Ill. 161, is relied upon in support of this contention.

In the *Haines* case, the order appealed from was as follows: "Ordered by the court that the said J. Charles Haines be committed to the common jail of Cook County, Illinois, until he shall comply with the requirements of an order made and entered of record December 8, A. D. 1879, or until the further order of the court." This was a simple order committing the party to jail, and not a judgment for money to be paid within a fixed time.

In the case at bar, there is a final order or judgment that appellant pay so much money within twenty days, and, in default of his doing so, that he be committed to jail. The order that he be committed to jail is merely ancillary to the money judgment. The commitment, like an execution, is the process consequent upon the judgment, and to be resorted to for its enforcement. The final order of payment is one which the appellant has a right to have reviewed, and, by the terms of the statute, such review can be had by appeal to the circuit court.

The judgments of the Appellate and Circuit Courts are reversed and the cause is remanded to the Circuit Court.

*Judgment reversed.*