WILLIAM P. RANDOLPH, ADMINISTRATOR,

v.

THE PEOPLE OF THE STATE OF ILLINOIS, FOR USE.

*Administration—Sec: 115, Chap. 3, R. S.—Contempt.*

1.  Under the power contained in Sec. 115, Chap. 3, R. S., to commit at once for contempt, a county court may give a certain time for compliance, commitment to take place upon default.

2.  In a proceeding in a county court by attachment against an administrator under Sec. 115, Chap. 3, R. S., this court holds that no demand was required in order to establish the administrator's liability for the amount due; that the judgment established that, and ascertained the amount due, and that it was his duty to pay it without further notice; that a demand was required only for the purpose of subjecting him to the proceeding herein, and that such demand was sufficient without stating the amount definitely; that the administrator could not set up the statute of limitations; that the addition of interest was proper, but that the court erred in charging interest at a rate named, after a certain date, and for that reason reverses the order in question, with directions to compute the same at six per cent.

[Opinion filed June 12, 1891.]

APPEAL from the Circuit Court of Logan County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. W. B. JONES and E. D. BLINN, for appellant.

A demand could have been made at once, and whatever prominence the question of interest on the order has in the case, can not be considered in a contempt proceeding.

In Haines v. The People, 97 Ill. 163, the only judgment that could be lawfully rendered in a contempt proceeding against one adjudged guilty of contempt was so rendered. That he be imprisoned, etc. Clark v. The People, Breese, 340.

The order of the County Court made upon a new accounting and settlement that the administrator should pay $2,287.92, even if lawful (which we deny), was an order which could not lawfully be enforced without a previous demand and thirty days thereafter, and the order that he pay it in twenty days, ignoring a demand, or be imprisoned if he does not, is a very remarkable decision. It can not be an order lawfully made. Chap. 3, Sec. 115, R. S.; Haines v. The People, 97 Ill. 163; Von Kettler v. Johnson, 57 Ill. 116; Johnson v. Von Kettler, 66 Ill. 68; Ex parte Thatcher, 2 Gilm. 168.

The power and authority of the County Court as to any new accounting and settlement ceased on the making of the order July 23, 1868. Randolph v. Trustees, etc., 26 Ill. App. 243.

It matters not whether he was formally discharged, or whether it was styled a casual or final settlement. It was, in fact, final, because the rights and *status* of the parties was determined by it. Randolph v. Trustees, etc., *supra*.

The orders of the court having no jurisdiction are *coram non judice* and the jurisdiction of a court may be questioned in any court to which a case may be taken; the acts are void and may be successfully resisted in a direct or collateral proceeding. Leigh v. Mason, 1 Scam. 249; Campbell v. McCahan, 41 Ill. 49.

Messrs. BEACH & HODNETT, for appellees.

1.  The County Court originally, and the Circuit Court on appeal, have jurisdiction of this proceeding. Constitution, Art. 6, Sec. 18; Myers v. The People, 67 Ill. 503; Mapes v. The People, 69 Ill. 523; Klokke v. Dodge, 103 Ill. 125.

2.    The statute of limitations can have no application in this case.    Albretch v. Wolf, 58 Ill. 186; Walden v. Karr, 88 Ill. 49; Wingate v. Pool, 25 Ill. 118; Ruby v. Barnett, 12 Mo. 3.

3.    When an order of distribution has been made, the only way to enforce it in the County Court is by proceeding under the 115th section of the Administration Act.    Randolph v. Trustees of Schools, 26 Ill. App. 241.

PLEASANTS, J.    This was a proceeding in the County Court by attachment against the administrator under Sec. 115 of Chap. 3, R. S., and involves questions of law only.

In June, 1862, the trustees recovered judgment against the decedent for $921.22, which, after his death, in 1863, and the appointment of Randolph as administrator, was duly proved and allowed against his estate.    Upon account rendered by the administrator in 1868, the County Court found the assets sufficient to pay only eighty-one and five-eighths per cent of the indebtedness, and ordered him to make payment accordingly, to the trustees specifically, on their judgment, of the sum of $812.10.    The matter seems then to have slept for eighteen years.

In August, 1886, on petition of the trustees, a citation was issued against him under Sec. 114 of the act referred to, on the hearing of which the County Court found due to them $1,697.28, being the sum originally ordered to be paid, with interest computed at the rate of six per cent per annum, and ordered him to pay it.    On his appeal from that order the Circuit Court rendered a judgment against him for $2,185.83, by computing the interest at the rate of six per cent to July 1, 1872, and ten thereafter, and awarded execution therefor. This court reversed that judgment without remanding the cause, on the ground that all that could be done under said Sec. 114 had deen done by the order of 1868; that the one then appealed from was but a repetition of it (adding only interest), for which there was no authority in the statute; and intimated that what remained to be done was to enforce the original order, to do which, in the County Court, the trustees

must proceed under Sec. 115, by demand and attachment. Randolph v. Trustees, 26 Ill. App. 241.

Thereupon, on January 14, 1888, they made demand of him in writing, for the payment of said sum of $812.10, "with all interest thereon as provided by the statute in such case made and provided, from said July 23, 1868, to this date ;" and on the 26th of March following, the attachment herein was issued. On the hearing upon its return, the County Court at the April term ordered him to pay said sum, within twenty days, with interest at six per cent, from August 23, 1868, to July 1, 1872, and ten thereafter—in all $2,287.92—and that upon his failure so to do he be committed to jail until, etc.

From this order he took an appeal to the Circuit Court, where a motion was made by appellees to dismiss it and a cross-motion by appellant to quash the writ. The Circuit Court overruled the cross-motion and dismissed the appeal. The order dismissing the appeal was affirmed by this court, upon the supposed authority of Haines v. The People, 97 Ill. 161; but the Supreme Court, distinguishing that case, in which the order was simply a commitment for contempt, from this, in which it was for the payment of a certain sum of money absolutely, reversed these judgments and remanded the cause to the Circuit Court. Randolph v. The People, 130 Ill. 533.

In his answer appellant had averred, among other things, that he had tendered to the trustees the said sum of $810.12 and held it for them; and was always ready and willing to pay it; but when the cause was redocketed he got leave to strike out this averment, and also filed a further answer, setting up the statute of limitations, ten and sixteen years. On the hearing the court ordered that he pay the sum of $2,430.10 (which included interest at six per cent until, and ten after, July 1, 1872), and that said cause be certified to the County Court. And from that order this appeal was taken.

It is said the demand shown was not sufficient to warrant the issuance of the attachment—the defect alleged being that it included "interest as provided by the statute," when there was no statute allowing interest in such case, and was not for a definite sum.

Sec. 115 provides that "if any executor or administrator shall fail or refuse to pay over any moneys or dividend to any person entitled thereto, in pursuance of the order of the County Court lawfully made, within thirty days after demand for such moneys or dividend, the court, upon application, may attach such delinquent," etc.   The demand made was for the specific sum ordered to be paid, with statutory interest to date.

Interest at the rate of six per cent per annum was allowed by statute, on "judgments recovered before any court or magistrate  *  *  * from the date of the same." Sec. 4, Chap. 74, R. S.   The order of the County Court, of July 23, 1868, was such a judgment.   Mitchell v. Mayo, 16 Ill. 83.   No demand was required in order to establish appellant's liability for the amount due, whatever it was.   The judgment established that, and ascertained the amount then due.   It was his duty to pay it without further notice.   Darling v. McDonald, 101 Ill. 370. The demand was required only for the purpose of subjecting him to this special proceeding.   For that purpose we think it was sufficient without stating the amount definitely.   It identified the order intended, and must have been understood as demanding compliance with it.   If he thought its legal effect was not correctly stated, he should have offered to comply according to that effect as he understood it.

It is said also that the order was based on a new accounting and settlement, which the court had no authority to require.   We do not so regard it.   On the contrary, it is expressly based on the accounting and settlement of July 23, 1868, recognized as conclusive, and the object was merely to enforce payment according to it.   The addition of interest did not disturb it, but was the legal consequence of the lapse of time and the neglect of appellant.   Bruce v. Doolittle, 81 Ill. 106.   Of his liability to pay interest, which he denies, we have said all that is deemed necessary.

Again, it is claimed that under Sec. 115 the court could only discharge the respondent, or, upon finding him guilty, commit him at once for the contempt.   We hold it too clear for argument, that under the power to commit at once for

contempt, in non-compliance with the demand, the court could give him twenty days further time for compliance, to be then committed if still in default.

As already stated, the original judgment against the deceased was allowed in the County Court in 1863. Counsel claim that the order of July 23, 1868, not having been complied with, nor this proceeding commenced until the claim had become barred by the statute of limitations, could not be lawfully enforced. The demand herein was made January 14th and the attachment issued March 26, 1888. Without conceding the assumption that the claim against the estate was then barred, it is to be observed that this is not a proceeding upon the judgment of 1863, against the estate, but upon that of July 23, 1868, against the administrator. As its representative, he admitted by his account and settlement of that date, not only that the estate was then indebted to these trustees in an amount exceeding the sum of $812.10, but that he then had in his hands, belonging to it and applicable to the payment of that much of said indebtedness, the said sum of $812.10, and was thereupon by the court ordered so to pay it. That order being against him, and absolute in its terms, he was bound by it according to its legal effect, whatever might become of the liability or assets of the estate. For failing so to obey it, he can interpose no defense that operates in behalf of the estate only. It must be one that is personal to himself. The question before the court, then, was whether that order was in force when the demand was made. School v. Eidman, 77 Ill. 301.

Appellant, "as administrator, occupied the relation of trustee to the estate, its creditors and distributees." Wingate v. Pool, 25 Ill. 121. It was a direct trust, by appointment of law, accepted by him. He had never repudiated it, and his duties as trustee remained undischarged in respect to other matters besides this claim. He is therefore not in position to plead the statute. Albretch v. Wolf, 58 Ill. 190; Quayle v. Guild, Adm'r, 91 Ill. 384; see also Rubey v. Barnett, 12 Mo. 3, and Blackwell v. Blackwell, 33 Ala. 57.

But besides his liability as a trustee, he was a judgment

debtor. It was not the order of July 23, 1868, that made him
a trustee. He was already such by reason of his acceptance
of the appointment as administrator and his possession of
assets thereunder. The effect of the order must, therefore
have been to make him a debtor for the amount therein speci,
fied. It was a judgment against him, and this proceeding
was commenced thereon within twenty years from its date.
We see nothing in the statute of limitations which should
bar it.

We are inclined to think, however, that the court erred in
charging appellant with interest at the rate of ten per cent
per annum after July 1, 1872. The provision of the statute
relied on as warranting this charge, is as follows: " All moneys,
bonds, notes and credits which any administrator or executor
may have in his possession or control as property or assets of
the estate, at a period of two years and six months from the
date of his letters testamentary or of administration, shall
bear interest, and the executor or administrator shall be
charged interest thereon from said period at the rate of ten
per cent, or after two years and six months from any subse-
quent time that he may have discovered and received the
same, unless good cause is shown to the court why such should
not be taxed."

This provision came in force on the day last above men-
tioned, and is a part of Sec. 114, which relates solely to "settle-
ments of estates " by executors and administrators, upon which
orders of payment and distribution are afterward to be made.

It requires the County Courts to enforce such " settle-
ments" within the time prescribed by law, and authorizes
them, upon failure of an executor or administrator, to make it
at the next term after the expiration of said time, to cite him
to appear at the next term and make it or show cause why it
is not done. It is in making this settlement that the court,
in order to ascertain the amount in his hands to be paid or dis-
tributed, is to charge him with interest in the cases stated.
When that is done the operation of this provision ceases.
Then follows the order for payment or distribution, to each
party entitled, of the specific amount to which he is entitled,
out of the aggregate amount so ascertained. Now, if that

specific amount, or any part thereof, should also bear interest under this provision, it would be necessary in most cases to allow it on only a part, for it would seldom happen that the administrator had been in possession of all the assets at a period of two years and six months from the date of his letters; and where it did so happen, he would be charged with interest at ten per cent on such interest.

We think the statute intends neither of such results. Nothing is said about interest in Sec. 115, under which this proceeding was taken. Here the amount found payable to the trustees on July 23, 1868, was $812.10. How much of that, if any, was for interest, we do not know. This provision was not then in force, but under the common law the administrator, on settlement, was charged with interest in some cases. In re Estate of Schofield, 99 Ill. 518. Nor can we now determine how much of the moneys, bonds, notes and credits belonging to the estate the administrator had in his possession after the period of two years and six months from the date of his appointment, or after that period from any subsequent time that he may have discovered and received the same. The time for which he would be chargeable for interest upon an accounting and settlement now, would probably be found to be different as to different items of these assets, if indeed it could be shown when he did receive them. But this is not a time for an accounting and settlement. They were had in 1868. The amount then found due and payable to these trustees was $812.10. That is conclusive. Since no part of it has been paid, they are still entitled to that amount, either with interest at some uniform rate upon the whole of it, or without any interest. In our opinion that order "draws interest at the rate of six per centum per annum," like other "judgments recovered before any court or magistrate." The order in this case will be reversed for the error thus indicated, with directions to the Circuit Court to make it conform to the views herein expressed. That court can enforce its order by any means that the County Court could lawfully employ in such case.

*Reversed and remanded with directions.*