## John Boyd, Administrator, v. Eliza A. Swallows.

1. TRIAL BY JURY—*Where the Right Does Not Exist.*—The constitutional right of trial by jury does not apply to or limit the authority of courts to exercise equitable or discretionary powers, as in the hearing of exceptions to an administrator's report or in proceedings by way of citation to compel him to make a proper report and settlement of an estate.

2. SAME—*Where the Right Exists.*—The right of trial by jury under the constitution exists in those tribunals exercising common law jurisdiction in regard to matters wherein, at common law, such right existed. In no event does it pertain to other proceedings than suits at law.

3. PROBATE COURT—*Power to Compel Settlements.*—The power of a Probate Court to enforce settlements by administrators is co-extensive with those of a court of chancery.

4. ADMINISTRATORS—*Duty to Report—Limitations.*—The legal duty which rests upon an administrator to make reports is a continuing one, and there is no point of time when it ceases to be a legal duty, so that the statute of limitations may begin to run. The statute can not be pleaded as a bar to a proceeding to compel a report.

5. INTEREST—*When an Administrator may be Charged With—Rate.*—Under Sec. 114, Chap. 3, R. S., entitled, "Administration of Estates." it is proper to charge an administrator at the rate of ten per cent on all moneys he may have in his possession or control as assets of the estate after the expiration of two years and six months from the date of his letters, unless some good cause exists for not so doing.

Administration of Estates.—Exceptions to an administrator's report. Appeal from the Circuit Court of Perry County; the Hon. BENJAMIN R. BURROUGHS, Judge, presiding. Heard in this court at the February term, 1895. Affirmed. Opinion filed July 1, 1895.

JOHN BOYD, administrator, *pro se.*

CHAS. D. KANE, attorney for appellee.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

This cause was begun at the March term, 1893, of the Perry County Court, by petition of appellee against appellant, for citation to show cause why he should not make report as administrator of the estate of Ellen A. Swallows, deceased. A demurrer to said petition was overruled, and appellant required to answer. On the 10th day of February, 1894,

appellant filed his answer to said petition, to which exceptions were sustained, and leave having been given to amend, appellant filed his amended answer to said petition to the May term, 1894, of said County Court. Exceptions having been sustained thereto, appellant appealed to the Circuit Court of said county. At the October term, 1894, of said Circuit Court, one of said exceptions, to wit, the third, was sustained to said answer, because said administrator had not charged himself with interest, and thereupon the said Circuit Court charged appellant with ten per cent upon the money in his hands, after allowing him a credit of $18, leaving a balance in his hands as of July 19, 1875, of $140.12, which, at ten per cent, to July 9, 1894, time of trial in County Court, made the additional amount charged to said administrator, the sum of $238.17. From this order of said court an appeal is taken. It appears that appellant was, on the 17th day of December, 1871, appointed administrator of the estate of Ellen A. Swallows, deceased. He made three reports to the court, on the 17th of March, 1873, 16th of March, 1874, and 19th of July, 1875, respectively. In the last report he charged himself with having received, in the year 1874, two sums of money amounting to $219.50. He made no other report of his doings until the 10th of February, 1894, as above appears in answer to the petition filed in this case.

The answer set up, in substance, that he had a balance as per his last report, of $158.12, against which a credit was claimed of $18 for a tombstone, and $10 fee by way of set-off, for obtaining a pension; that the heirs of his intestate were a mother, if living, and some half-brothers or sisters, not all of whose residences were known; that a half-sister, Lula A. Wilson, was for years by her relatives supposed to be dead; that until in December, 1889, he did not know where Eliza A. Swallows was, but then learned, from her letter to him, her address; that on the 23d of January, 1890, he paid to her $75; that during all the time he had sufficient money to pay the heirs.

This court allowed the above credits, the claim for tomb-

stone against the estate and $10 against the interest of appellee, and also the $75 above paid.

The points made by appellant are first, that the question of interest should have been submitted to a jury; second, that no interest should have been charged against him, or, if so, not at a greater rate than six per cent; third, that the defense of the statute of limitations should have been sustained.

The court did not err in refusing to submit the question to a jury, for the reasons, first; the hearing was on exceptions to the pleadings as made, which, as a rule, present matters of law and not of fact, second, the proceeding was by way of citation, to compel the administrator to make a proper report and settlement of the estate, wherein the court exercises equitable or discretionary powers. The constitutional provision of a right of trial by jury, Sec. 5, Art. 2, does not apply to or limit the right of courts to exercise such powers. Flaherty v. McCormack, 113 Ill. 538. It does not apply to the exercise of special summary jurisdiction, unknown to the common law, and which does not provide for that mode of trial. Ward v. Farwell, 97 Ill. 614. It only secures such right in those tribunals exercising common law jurisdiction, in regard to matters wherein at common law said right existed. Petition of Ferrier, 103 Ill. 367. That right in no event pertains to other proceedings than suits at law. The proceeding is not a suit at law. In re William Steele, 65 Ill. 324.

The power of a probate court to enforce settlements is co-extensive with those of a court of chancery. Bond v. Lockwood, 33 Ill. 212.

The statute of limitations was no bar. Gilbert v. Guptill, 33 Ill. 112; Albretch v. Wolf, 58 Ill. 186. The legal duty rested upon appellant to report and that duty was continuing.

There was no point of time that it ceased to be a legal duty, when the statute could begin to run. Angell on L., pp. 82, 83. The court had the legal right to charge appellant ten per cent interest. It is purely a statutory matter.

Sec. 114, Chap. 3. The statute provides : " All moneys
* * * which any administrator * * * may have in
his possession or control as * * * assets of the estate,
at a period of two years and six months from the date of
his letters * * * of administration, shall bear interest,
and the administrator shall be charged interest thereon
from said period, at the rate of ten per cent * * *
unless good cause is shown to the court why such should not
be taxed." The evident purpose of this section was to
hasten the settlement of estates at the earliest practicable
moment. It is insisted by appellant the meaning of this sec-
tion is, the administrator is only to be charged as to moneys,
etc., he has in his possession or control, but which he has
not reported. This section has been construed and held to
include moneys which have been reported and held for more
than two years and six months after the date of the letters
of administration. Estate of Scholfield, 99 Ill. 513. Two
courts have passed upon the " cause shown," and we do not
feel justified in disturbing these findings. They do not
mean the appellant has been dishonest in withholding the
money, but simply, that under the law, if an administrator
does not close up an estate within the time limited, then he
must respond in damages for all money he thereafter retains
of the estate, unless for good cause shown. Section 112,
Chap. 3, requires administrators and executors to make
annual reports " until the duties of their administration are
fully completed." The appellant did not comply with this
law. Had he done so, the matter of the tombstone could
have been adjusted, and the estate would have been ready
for final distribution. The appellant could readily have
secured such an order, notwithstanding he did not know
where some of the heirs resided. Sec. 112. It is in making
the settlement preceding the order of distribution, that the
court, under the statute, may charge him with ten per cent
interest, in order to ascertain the amount in the hands of
the administrator to be distributed. When this order is once
made, thereafter such amount so ordered distributed does
not bear ten per cent interest. This is what is meant by

case of Randolph v. People, 40 Ill. App. 174–180, so strongly relied on by appellant. By complying with this law, the appellant might have relieved himself from the imposition of the interest, in the way of a penalty, inflicted for neglect of duty. Doubtless he thought as the money so ordered paid could not in fact be paid to all of the heirs, that the proceeding would be useless. The law declares it shall be done, under the penalty for failure it imposes, " unless good cause is shown," etc.

The order and judgment are affirmed.